```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MARVIN BROWN,                    :    CIVIL NO. 1:09-0313
                                 :
          Petitioner             :    (Judge Conner)
     v.                          :
                                 :    (Magistrate Judge Smyser)
U.S. ATTORNEY GENERAL,           :
U.S. D.H.S./I.C.E. FIELD         :
OFFICER THOMAS DECKER,           :
CLINTON COUNTY CORRECTIONAL      :
FACILITY, WARDEN THOMAS V.       :
DURAN,                           :
                                 :
          Respondents            :
```

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On February 23, 2009, the petitioner, an alien in the custody of the United States Bureau of Immigration and Customs Enforcement (ICE), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is challenging his continued detention in ICE custody. The petitioner is also challenging his removal order.

By an Order dated February 25, 2009, the respondents were ordered to show cause on or before March 17, 2009, why the petitioner should not be granted habeas corpus relief. The Order of February 25, 2009 provided that the petitioner may file a reply

to the response to the show cause order within ten days of the filing of the response.

After requesting and receiving an extension of time, on April 6, 2009, the respondents filed a response to the petition. On April 13, 2009, the petitioner filed a reply, and on April 16, 2009, the petitioner filed another document which appears also to be a reply.

So that a factual determination could be made regarding whether there is a significant likelihood of the petitioner's removal in the reasonably foreseeable future in accordance with *Zadvydas v. Davis*, 533 U.S. 678 (2001), by an Order dated May 11, 2009, the respondents were ordered to file, on or before May 26, 2009, a supplemental response to the petition addressing the status of issuance of travel documents for the petitioner and addressing whether this court has jurisdiction over the petitioner's challenge to his removal order. The Order of May 11th provided that the petitioner may file a supplemental reply within ten days after the date the respondents files their supplemental response.

On May 26, 2009, the respondents filed a supplemental response, and on June 5, 2009, the petitioner filed a supplemental reply.

The petitioner is from Jamaica. *See Doc. 8-2 at Exhibit 1.* He entered the United States in March of 1982, and he was admitted as an immigrant. *Id.* In 1990, by an Order to Show Cause and Notice of Hearing, the Immigration and Naturalization Service charged the petitioner with being subject to deportation from the United States pursuant to Sections 241(a)(11) and 241(a)(4)(B) of the Immigration and Nationality Act on the basis of a 1985 New York conviction of attempted sale of marijuana and a 1990 Virginia conviction of possession of cocaine with intent to distribute. *Id.*

On August 25, 1992, an Immigration Judge ordered the petitioner deported from the United States to Jamaica. *Doc. 8-2, Exhibit 3.* The petitioner was deported on October 20, 1992. *Doc. 8-2, Exhibit 4.*

The petitioner subsequently reentered the United States at an unknown place and time. *See 8-2, Exhibit 5.* By a decision dated June 2, 2005, ICE reinstated the petitioner's prior order of deportation pursuant to Section 241(a)(5) of the Immigration and Nationality Act (8 U.S.C. § 1231(a)(5)). *Id.*

3

The petitioner subsequently pleaded guilty in the United States District Court for the District of Maryland to a charge of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). *Doc. 8-2, Exhibit 6.* The petitioner was sentenced to a term of imprisonment of 41 months. *Id.*

On August 14, 2008, apparently after being released from his federal criminal sentence, the petitioner entered immigration custody. *See Doc. 1 at ¶9(a).*

On August 18, 2008, the petitioner filed a petition for review in the United States Court of Appeals for the Third Circuit. *See Doc. 8-2, Exhibit 10.* By an Order dated September 22, 2008, the Third Circuit dismissed the petition for review as untimely and dismissed the petitioner's motion for a stay of removal as moot. *Doc. 8-2, Exhibit 11.* On October 10, 2008, the petitioner filed a petition for rehearing in the Third Circuit. *See Doc. 8-2, Exhibit 10.* That petition for rehearing has not been decided. *Id. See also docket of Brown v. Attorney General, 08-3685 (3d Cir.)(available through www.ca3.uscourts.gov and PACER (docket last visited on June 15, 2009)).*

ICE has reviewed the petitioner's detention.  By a decision dated November 7, 2008, ICE informed the petitioner that it determined that he will not be released from custody at this time. *Doc. 8-2, Exhibit 12.*  By a subsequent decision dated February 5, 2009, ICE again informed the petitioner that he would not be released from custody. *Doc. 8-2, Exhibit 13.*

II. Challenge to Removal Order.

The petitioner claims that his reinstated order of removal was procured by fraud and unconstitutional methods. *See Doc. 1 at ¶9(b).*  He asserts that in connection with his 1992 deportation he was not given the opportunity to present a request for waiver of deportation before an immigration judge and that his 1992 removal was unlawful and fundamentally unfair.  The respondents argue that this court does not have jurisdiction to hear the petitioner's claim regarding his reinstated removal order.

Pursuant to 8 U.S.C. § 1252(a)(5) (as amended by the Real ID Act of 2005, Pub.L. 109-13, 119 Stat. 231), this court does not have jurisdiction to consider the petitioner's claim regarding his reinstated removal order. 8 U.S.C. § 1252(a)(5) provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section

>     2241 of Title 28, or any other habeas corpus
>     provision, and sections 1361 and 1651 of such
>     title, a petition for review filed with an
>     appropriate court of appeals in accordance with
>     this section shall be the sole and exclusive means
>     for judicial review of an order of removal entered
>     or issued under any provision of this chapter,
>     except as provided in subsection (e) of this
>     section.

Subsection (e) of § 1252, which deals with judicial review of removal orders entered under the expedited removal procedures set forth in 8 U.S.C. § 1225(b)(1), is not applicable in this case. Thus, this court does not have jurisdiction to review the petitioner's challenge to his reinstated removal order.

III. Challenge to Detention.

The petitioner is challenging his detention.

8 U.S.C. § 1231(a) governs detention of aliens ordered removed. Pursuant to 8 U.S.C. § 1231(a), generally an alien shall be removed during the ninety day removal period. 8 U.S.C. § 1231(a)(1)(A) provides:

>     (A) In general. Except as otherwise provided in
>     this section, when an alien is ordered removed,
>     the Attorney General shall remove the alien from
>     the United States within a period of 90 days (in
>     this section referred to as the "removal period").

8 U.S.C. § 1231(a)(1)(B) provides that the removal period begins on the latest of the following:

> (i) The date the order of removal becomes
> administratively final.
> (ii) If the removal order is judicially reviewed
> and if a court orders a stay of the removal of the
> alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except
> under an immigration process), the date the alien
> is released from detention or confinement.

8 U.S.C. § 1231(a)(2) concerns detention during the removal period and provides:

> During the removal period, the Attorney General
> shall detain the alien. Under no circumstance
> during the removal period shall the Attorney
> General release an alien who has been found
> inadmissible under section 212(a)(2) or
> 212(a)(3)(B) [8 USCS § 1182(a)(2) or (a)(3)(B)] or
> deportable under section 237(a)(2) or 237(a)(4)(B)
> [8 USCS § 1227(a)(2) or (a)(4)(B)].

8 U.S.C. § 1231(a)(3) provides that "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." However, 8 U.S.C. § 1231(a)(6) provides that certain aliens, including aliens determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may continue to be detained beyond the removal period.

On June 28, 2001, the United States Supreme Court issued its decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, in order to avoid reading the statute in a manner that raised serious constitutional concerns, the Court construed the

7

post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), to contain an implicit "reasonable time" limitation. *Id.* at 689. The Court concluded that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. *Id.* at 699. The Court read the statute to limit a resident alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. *Id.* at 699. The Court further adopted a presumption that detention for up to six months is reasonable. *Id.* at 701. After that six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, ICE must respond with evidence sufficient to rebut that showing or release the alien subject to terms of supervision. *Id.* "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* The Court cautioned, however, that the six-month presumption does not mean that every alien not removed must be released after six months. *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* In *Clark v. Martinez,* 543 U.S. 317 (2005), the Supreme Court held that the construction of 8 U.S.C. § 1231(a)(6) and the six-month presumptive detention period

adopted in *Zadvydas* applies in cases of inadmissible aliens as well as resident aliens.

The respondents assert that the Jamaican consulate routinely issues travel documents and that there is no apparent controversy regarding the petitioner's Jamaican citizenship. The respondents further assert, however, that the Jamaican consulate has indicated that it will not issue travel documents for the petitioner until the instant habeas case is completed. The respondents contend that there is no reason to believe that the Jamaican consulate will not issue travel documents for the petitioner once the court issues a ruling in this case.

The petitioner contends that his removal order is not final since he filed a petition for rehearing in the United States Court of Appeals for the Third Circuit in which he requests a stay of removal. That petition for rehearing is still pending in the Third Circuit. However, as indicated above, by an Order dated September 22, 2008, the Third Circuit dismissed the petition for review as untimely and dismissed the petitioner's motion for a stay of removal as moot. *Doc. 8-2, Exhibit 11.* Since there is no stay of removal in place, the pending petition for rehearing is not a barrier to the removal of the petitioner.

9

We conclude that there is a significant likelihood of removal in the reasonably foreseeable future. Accordingly, the petitioner is not entitled to release from custody under *Zadvydas*.

IV. Recommendations.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: June 18, 2009.