# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARVIN BROWN**, | : | CIVIL ACTION NO. 1:09-CV-0313 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES ATTORNEY GENERAL**, *et al.*, | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 23rd day of July, 2009, upon consideration of the report (Doc. 14) of the magistrate judge, recommending that the petition (Doc. 1) for a writ of habeas corpus be denied, and, following an independent review of the record, it appearing that petitioner challenges the legality of an order of removal dated June 2, 2005[1] (Doc. 8, Ex. 5), and also challenges his continued incarceration by the United States Immigration and Customs Enforcement ("USICE"), and it further appearing that this court lacks jurisdiction to consider petitioner's claim challenging the

---

[1] Petitioner was deported from the United States on October 20, 1992. (Doc. 8, Ex. 4.) At an unknown time and place, petitioner subsequently reentered the country, and was thereafter detained by the United States Immigration and Customs Enforcement ("USICE"). On June 2, 2005, USICE ordered petitioner deported pursuant to 8 U.S.C. § 1231(a)(5), a provision that allows reinstatement of removal orders against aliens illegally reentering the country. (Doc. 8, Ex. 5.) After pleading guilty to a charge of illegal reentry and serving a forty-one month prison sentence, petitioner was transferred into the custody of federal immigration officials on August 14, 2008. (Doc. 1 ¶ 9(a)). Petitioner has remained in immigration detention since this time. USICE has reviewed petitioner's detention on two occasions, November 7, 2008, and February 5, 2009, and concluded in each instance that petitioner's release would threaten public safety; therefore, petitioner remains incarcerated. (Id. at 12-14.)

June 2, 2005 removal order, see Kolkevich v. Attorney Gen. of the United States, 501 F.3d 323, 328 (3d Cir. 2007) (explaining that the federal appellate courts possess exclusive jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(5)), and that petitioner has been detained in excess of six months, but has failed to provide sufficient evidence to establish that his removal from the United States is not reasonably foreseeable,[2] it is hereby ORDERED that:

---

[2] In Zadvyadas v. Davis, 533 U.S. 678, 699 (2001), the Supreme Court explained that it is presumptively reasonable for immigration officials to detain an alien for six months' time. However, this presumption does not require the alien to be released after six months. Id. at 701. Rather, the detained alien bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Lin v. Ashcroft, 247 F. Supp. 2d 679, 685 (E.D. Pa. 2003) (quoting Zadvydas, 533 U.S. at 701). If the alien makes such a showing, the government must provide appropriate rebuttal evidence in order to prolong the period of incarceration. Zadvydas, 533 U.S. at 701. In the present case, petitioner merely alleges that he has been held in excess of six months, and that USICE has not obtained the appropriate travel documents to facilitate his deportation. (Doc. 1 at 4.) It is far from clear that this showing satisfies petitioner's initial burden of production. However, assuming *arguendo* that it does, USICE nonetheless presents sufficient evidence to demonstrate that petitioner will be deported in the foreseeable future.
     First, there is no apparent controversy regarding petitioner's Jamaican citizenship, a fact that USICE contends will expedite the deportation process. (See Doc. 8, Ex. 14.) Second, the Jamaican consulate has indicated that subsequent to the resolution of the above-captioned matter, it will forthwith supply petitioner with the appropriate travel documents. (See id. ¶ 2.) Thus, it is reasonably likely that the government will obtain the travel documents necessary to facilitate deportation. See Sombat Map Kay v. Reno, 94 F. Supp. 2d 546, 551 (M.D. Pa. 2000) (explaining that the government's interest in retaining an alien in detention is more compelling when there is a greater probability that it can deport the alien in the foreseeable future). In Sombat Map Kay, the petitioner's writ of habeas corpus was granted because he was capable of establishing that his home country, Cambodia, was not accepting deportees. Furthermore, the Immigration and Naturalization Service had not requested Cambodian travel documents, leading the court to conclude that petitioner's deportation was not "reasonably foreseeable." Id. at 548, 557. The present case is distinguishable in that USICE has presented evidence to indicate

2

1. The report and recommendation (Doc. 14) of the magistrate judge is ADOPTED.

2. The petition (Doc. 1) for writ of habeas corpus is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

that the Jamaican government will grant the travel documents and accept petitioner into Jamaica. (Doc. 8, Ex. 14.) Consequently, it appears likely that petitioner will be deported in the reasonably foreseeable future.